## Julius Fox, Appellee, v. New York Life Insurance Company, Appellant.

### Gen. No. 24,010.

INSURANCE, § 141*—*when life policy takes effect from date of application.* Where the application for a policy of life insurance provides that, "unless otherwise agreed in writing," the policy shall relate back and take effect as of the date of the application, the delivery and acceptance of the policy does not create a new agreement between the parties as to the date the policy takes effect, even though the policy itself bears a different date and contains a provision for the payment of annual premiums on that day each year, and also that after its delivery and acceptance the policy shall take effect as of such latter date, and especially is this true where the policy is accompanied by a blank form of request for the change of the policy's taking effect from the date of the application to the date of the policy, which request is not signed by the insured.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed June 10, 1918.

HAMLIN & TOPLIFF, for appellant; JAMES H. MCINTOSH, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUEL R. FUTRANSKY, for appellee; P. B. SMITH, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff was the beneficiary in a life insurance policy issued by defendant upon the life of plaintiff's wife, Bessie Fox. He brought suit and upon trial had judgment for $500, which defendant seeks to have reversed.

The insured came to her death on December 22, 1915, by suicide, and defendant asserts that by virtue of a clause in the policy it is relieved from payment "in the event of self-destruction during the first insurance year."

What was the "first insurance year"? This depends upon the date the policy began to take effect. Plaintiff says this was December 18, 1914, which would make the first insurance year expire some days prior to the date of the suicide of the insured. To support plaintiff's contention there is in evidence the written application of the insured, attached to and made a part of the policy, which contains this provision:

"I agree as follows: 1. That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime and good health, and that unless otherwise agreed in writing, the policy shall then relate back to and take effect as of the date of this application; 2  *  *  *.

"Dated at Chicago this 18th day of Dec. 1914.
                    (Signed)   BESSIE Fox."

The defendant asserts that the policy began to take effect on January 18, 1915, which would make the date of the suicide of the insured fall within the first insurance year, and hence relieve defendant of payment. To support this defense the insurance policy is exhibited, dated January 18, 1915, and providing for annual

premiums for periods from January 18th in each year to the same date in the following year for 20 years. There is also the provision that "after its delivery to and receipt by the Insured this Policy takes effect as of the Eighteenth day of January Nineteen Hundred and fifteen."

It is contended that by the delivery of the policy to the insured and its acceptance there was created a new agreement between the parties as to the date the policy took effect, which superseded the date named in the application and which was in pursuance of the provision therein that the policy should be effective as of the date of the application "unless otherwise agreed in writing." We do not agree with this contention. The application contemplated that its date should stand unless the parties in writing agreed to some other date. This contemplated a writing made by both parties, and the mere delivery of the policy to the insured and its acceptance does not meet the requirement that the change in date must be evidenced by the writing of both parties.

This view is strengthened by the evidence, properly admitted, that defendant sent to the insured with the policy a writing which referred to the provision of the application with reference to the change of date of the taking effect of the policy, and contained a form of request as follows:

"I hereby request, as an amendment to my application for insurance dated the 18th day of December, 191..., that any policy written thereon shall take effect as of the 18th day of January, 1915, instead of on the date of said application, as provided therein.

Witness....................."

The evidence is that this request was not signed by the insured. We have, therefore, the construction of the defendant, upon its own application, that a change of date from the date of the application must be by the written consent of the insured; this written consent

was not obtained. It follows that the parties not having otherwise agreed in writing, the provisions of the application control, and the policy began to take effect on December 18, 1914, which would bring the termination of the first year of insurance at a time prior to the date of the suicide of the insured, and hence render inoperative the provision of the policy relating to such a contingency.

We hold that the judgment is right and it is affirmed.

*Affirmed.*